| | |
|---|---|
| SHEILA R. GRAY,<br><br>             Plaintiff,<br><br>-versus-<br><br>MICHAEL J. ASTRUE,[1]<br>Commissioner of Social Security,<br><br>             Defendant. | **MEMORANDUM OPINION<br>AND RECOMMENDATION**<br><br>Civil Action No. 1:06CV589 |

Plaintiff, Sheila R. Gray, brought this action pursuant to Section 205(g) of the Social Security Act, as amended (42 U.S.C. § 405(g)), to obtain judicial review of a final decision of the Commissioner of Social Security denying her claim for Disability Insurance Benefits under Title II of the Social Security Act (the "Act"). The parties have filed cross-motions for judgment, and the administrative record has been certified to the court for review.

**Procedural History**

Plaintiff filed an application for Disability Insurance Benefits (DIB) on October 8, 2002, alleging a disability onset date of May 8, 2000.[2] Tr. 177. The application was denied initially and upon reconsideration. Tr. 90, 91. Plaintiff

---

[1] Michael J. Astrue was sworn in as Commissioner of Social Security on February 12, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, he should be substituted for Jo Anne Barnhart as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] During her second hearing, Plaintiff amended this date to July 31, 2002. Tr. 75.

requested a hearing de novo before an Administrative Law Judge (ALJ). Tr. 114. Present at the hearing, held on May 20, 2004, were Plaintiff and her attorney. See Tr. 27.

The ALJ did not find that Plaintiff was disabled for purposes of Act, Tr. 95, and Plaintiff requested review of that decision, Tr. 138. The Appeals Council vacated the ALJ's decision and remanded Plaintiff's case for reconsideration. Tr. 105. The ALJ conducted a second hearing on August 17, 2005, attended by Plaintiff, her attorney, and a vocational expert (VE). Tr. 51. By decision dated February 17, 2006, the ALJ again determined that Plaintiff was not disabled. Tr. 15. On May 5, 2006, the Appeals Council denied Plaintiff's request for review, Tr. 5, thereby making the ALJ's determination the Commissioner's final decision for purposes of judicial review.

In deciding that Plaintiff is not entitled to benefits, the ALJ made the following findings, which have been adopted by the Commissioner:

> 1. The claimant meets the nondisability requirements for a period of disability and Disability Insurance Benefits set forth in Section 216(I) of the Social Security Act and is insured for benefits through the date of this decision.
>
> 2. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.
>
> 3. The claimant's bilateral carpal tunnel syndrome, tibiotalor impingement of the left ankle, obesity, and right shoulder bursitis are considered "severe" based on the requirements in the Regulations 20 CFR § 404.1520(c).

4. These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

5. The undersigned finds the claimant's allegations regarding her limitations are not totally credible for the reasons set forth in the body of the decision.

6. The claimant has the residual functional capacity to perform the narrow range of light and sedentary work involving standing/walking 2 hours out of 8 hours and sitting 8 hours of 8 hours, with occasional overhead reaching with the right (dominant) upper extremity, no repetitive activity of her upper extremities primarily involving the forearm and wrist, and climbing ladders and occasionally climbing stairs.

7. The claimant is unable to perform any of her past relevant work (20 CFR § 404.1565).

8. The claimant is a "younger individual between the ages of 18 and 44" (20 CFR § 404.1563).

9. The claimant has "more than a high school (or high school equivalent) education" (20 CFR § 404.1564).

10. The claimant has transferable skills from semi-skilled work previously performed as described in the body of the decision (20 CFR § 404.1568).

11. The claimant has the residual functional capacity to perform a significant range of light work (20 CFR § 404.1567).

12. Although the claimant's exertional limitations do not allow her to perform the full range of light work, using Medical-Vocational Rules 202.21 and 201.28 as a framework for decision-making, there are a significant number of jobs in the national economy that she could perform. Examples of such jobs were cited by the vocational expert and are described in the body of the decision.

13. The claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of this decision (20 CFR § 404.1520(g)).

Tr. 23-25.

**Analysis**

In her brief before the court, Plaintiff argues that the Commissioner's findings are in error because the ALJ (1) improperly relied on VE testimony in satisfying the step five burden and (2) declined to adopt the opinion of her treating physician. The Commissioner contends otherwise and urges that substantial evidence supports the determination that Plaintiff was not disabled.

Scope of Review

The Act provides that, for "eligible"[3] individuals, benefits shall be available to those who are "under a disability," defined in the Act as the inability:

> to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]

42 U.S.C. § 423(d)(1)(A).

To facilitate a uniform and efficient processing of disability claims, the Social Security Administration, by regulation, has reduced the statutory definition of "disability" to a series of five sequential questions. An examiner must determine whether the claimant (1) is engaged in substantial gainful activity, (2) has a severe impairment, (3) has an impairment which equals an illness contained in the Act's

---

[3] Eligibility requirements for DIB are found at 42 U.S.C. § 423(a)(1).

listing of impairments, (4) has an impairment which prevents past relevant work, and (5) has an impairment which prevents him from doing any other work. Section 404.1520.[4]

The scope of judicial review by the federal courts in disability cases is narrowly tailored to determine whether the findings of the Commissioner are supported by substantial evidence and whether the correct law was applied. Richardson v. Perales, 402 U.S. 389 (1971); Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). Consequently, the Act precludes a de novo review of the evidence and requires the court to uphold the Commissioner's decision as long as it is supported by substantial evidence. See Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001) (citing Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996)). Substantial evidence is:

> "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'"

Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984) (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)).

Thus, it is the duty of this court to give careful scrutiny to the whole record to assure that there is a sound foundation for the Commissioner's findings, and that this conclusion is rational. Thomas v. Celebrezze, 331 F.2d 541, 543 (4th Cir. 1964).

---

[4] All regulatory references will be to Title 20 of the Code of Federal Regulations (C.F.R.).

If there is substantial evidence to support the decision of the Commissioner, that decision must be affirmed. Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

Pertinent Evidence Presented

As of the date of the ALJ's decision, Plaintiff was forty years of age. See Tr. 16. The ALJ found that she has a high school education plus continuing education classes at college. He determined that Plaintiff's past relevant work was as a sewing plant worker, certified nursing assistant, and telecommunication directory assistance operator.

The ALJ decided that Plaintiff had not engaged in substantial gainful activity since the alleged onset of disability. He also determined that Plaintiff met the disability insured status requirements of the Act and continued to do so through the date of his decision. Further, the ALJ found the medical evidence to establish that Plaintiff suffered from several severe impairments, none of which, either singly or in combination, met or equaled any of the Listing of Impairments.

1. VE Testimony

Once the claimant reaches step five of the sequential evaluation, the Commissioner bears the burden of providing evidence of a significant number of jobs in the national economy that a claimant could perform. Walls v. Barnhart, 296 F.3d 287, 290 (4th Cir. 2002). "The purpose of bringing in a [VE] is to assist the ALJ in determining whether there is work available in the national economy which this particular claimant can perform." Walker v. Bowen, 889 F.2d 47, 50 (4th Cir. 1989)

6

(citation omitted). "'[I]n order for a [VE]'s opinion to be relevant or helpful, it must be based upon a consideration of all other evidence in the record, and it must be in response to proper hypothetical questions which fairly set out all of claimant's impairments.'" Hines v. Barnhart, 453 F.3d 559, 566 (4th Cir. 2006) (quoting Walker, 889 F.2d at 50 (first alteration in Hines)). The VE's testimony cannot constitute substantial evidence in support of the Commissioner's decision if the hypothetical fails to conform to the facts. See Swaim v. Califano, 599 F.2d 1309, 1312 (4th Cir. 1979). The Administration, however, relies primarily on the Dictionary of Occupational Titles[5] (hereinafter, the "DOT") for information about the requirements of jobs. See Social Security Ruling 00-4p, 65 Fed. Reg. 75759, 75760. See also section 404.1566(d).

The ALJ had a VE testify at the hearing. He presented the VE with a hypothetical claimant whose residual functional capacity ("RFC") was consistent with the RFC he ultimately found for Plaintiff. See Tr. 81-82. In response, the VE identified four jobs which the hypothetical claimant could perform. Tr. 82-83. The ALJ asked the VE if her testimony was consistent with the DOT; she answered, "yes." Tr. 87. The ALJ relied on the VE's response in finding the step five burden satisfied. See Tr. 23-24.

Plaintiff claims, however, that three of the four jobs listed by the VE do not conform with the requirement in the ALJ's hypothetical that the claimant "should not

---

[5] Employment & Training Admin., United States Dep't of Labor (4th ed. 1991).

engage in *repetitive* activity of her upper extremities," Tr. 82 (emphasis added), as they all require the ability for "frequent" reaching, handling, and fingering, see DOT Nos. 206.387-034 (File Clerk I); 209.687-026 (Mail Clerk); and 913.367-010 (Taxicab Starter).

Yet, "repetitive" does not equate with "frequent." See Renfrow v. Astrue, 496 F.3d 918, 921 (8th Cir. 2007) ("[T]he frequent reaching and handling requirements are not equivalent to repetitive use of the right hand."). The DOT defines "frequently" as "[activity or condition] exists from 1/3 to 2/3 of the time." See, e.g., DOT No. 206.387-034. Although it does not define the term "repetitive," it is clear that the DOT does not use this term to describe "physical demand" as it does the terms occasionally, frequently, and constantly. See id. The DOT uses the term "repetitive" when describing the "temperament" of a job. The Oxford English Dictionary defines "repetition" as "the action or fact of doing something again; renewal or recurrence of an action or event; repeated use, application, or appearance."[6] Clearly, it is possible to do something repeatedly without doing it one-third of the time.

In addition, it is evident that the ALJ did not use "repetitive" and "frequently" as synonyms. The ALJ specifically asked the VE how the identified occupations were "classified as far [as] fingering and handling?" Tr. 84. Starting with the first job listed, the VE answered: "File clerk involves frequent reach/hand/finger, not

---

[6] The court finds instructive one ALJ's description of "a non-repetitive job" as "one that involves varying tasks that use different muscles." Brihn v. Apfel, No. 00-1193, 2000 WL 1277628, *2 (7th Cir. Sept. 7, 2000).

8

constant. Frequent is one third to two thirds of the time." Id. She added that two of the remaining jobs would also require "frequent reach/handle/finger." Tr. 85. The VE went on to clarify that "approximately 90 percent of the jobs are going to have at least frequent reach/handle/finger. There are very few jobs that have no reach/handle/finger." Id.

The ALJ further questioned the VE if there were any jobs that fit the hypothetical, except that they required only "occasional reaching, handling, and fingering"; the VE answered, "no." Id. Clearly, if the ALJ had meant "repetitive" to be synonymous with "frequent," after such extensive questioning, he would have found these jobs to be inconsistent with his hypothetical. Accordingly, the court finds no merit in Plaintiff's argument.

2. Treating Physician Opinion

"Courts typically 'accord greater weight to the testimony of a treating physician because the treating physician has necessarily examined the applicant and has a treatment relationship with the applicant.'" Hines v. Barnhart, 453 F.3d 559, 563 (4th Cir. 2006) (quoting Johnson v. Barnhart, 434 F.3d 650, 654 (4th Cir. 2005) (internal citation omitted)). The rule, however, does not mandate that her opinion be given controlling weight. See Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992) (per curiam). Rather, a treating physician's opinion on the nature and severity of the claimed impairment is entitled to controlling weight only if it is (1) well supported by medically acceptable clinical and laboratory diagnostic techniques and (2) not

9

inconsistent with other substantial evidence in the record.  See section 404.1527. Thus, "[b]y negative implication, if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." Craig v. Chater, 76 F.3d 585, 590 (4th Cir. 1996).  See also Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001) ("Under such circumstances, the ALJ holds the discretion to give less weight to the testimony of a treating physician in the face of persuasive contrary evidence.").

Plaintiff's treating orthopaedist, Dr. C. S. Whitman, opined in part that, "[w]ith regard to [Plaintiff's] ankle, she should be able to change from sitting to standing and standing to sitting as needed." Tr. 359.  See also Tr. 360 ("She should be able to change from sitting to standing to standing to sitting as needed.").  But the ALJ decided to afford this opinion no weight, concluding that there was "no evidence that [Plaintiff] has a problem with sitting or nonweight bearing activity with her feet and ankles." Tr. 19.

Plaintiff argues that the ALJ failed to perform the regulatory analysis, but points to no evidence that the ALJ should have considered that would support Dr. Whitman's opinion.  Plaintiff asserts:

> Based on examinations and x-rays, Dr. Whitman had diagnosed Plaintiff with post-traumatic arthritis of the left ankle (Tr.298).  He indicated that at some point in the future that she will need surgical arthrodesis of the ankle and that he would like to hold off as long as possible before proceeding (Id.).  *It is apparent from his treatment notes that Dr. Whitman's restriction of alternating sitting and standing as*

> *needed is a precautionary measure designed to prolong the time before surgical intervention is required for Plaintiff's left ankle condition (<u>Id.</u>).*

Pl.'s Br. at 5-6 (emphasis added).

The ALJ referenced Dr. Whitman's findings and his surgical recommendation. Tr. 17. He noted Plaintiff's statement that she could sit for only one or two hours, Tr. 262, <u>cited at</u> Tr. 20, although Plaintiff gave no reason for such limitation. In fact, Plaintiff testified that she spent her whole day sitting on the couch. Tr. 72. Defendant points out that Dr. Whitman made no note of a sitting complaint or limitation, and, thus, his own records fail to support the sit/stand option.

If time off of her ankle was a concern for Dr. Whitman, it would seem that he would have suggested a sit/stand option to her; however, his records do not so indicate. Nevertheless, the RFC finding accommodated such concern, as the ALJ found that Plaintiff should be required to stand/walk only two of eight hours. Tr. 21. Thus, despite Plaintiff's own conclusion (emphasized above), the court agrees with the ALJ that the record contains no clinical evidence to support a finding that Plaintiff's ability to sit is limited by her ankle impairment.

Further, Dr. Whitman's opinion is inconsistent with others in the record. State agency's experts, with whom the ALJ generally concurred (Tr. 21), determined that Plaintiff could sit, with normal breaks, for a total of six hours in an eight-hour workday.[7] Tr. 278, 281. A vocational evaluator assessed Plaintiff's physical

---

[7] The Administration's "Physical Residual Functional Capacity Assessment" form
(continued...)

Case 1:06-cv-00589-WO-WWD   Document 14   Filed 08/26/08   Page 11 of 15

limitations only as inability to do repeated wrist motions and to stand for long periods, and trouble holding onto objects. Tr. 248. Her vocational rehabilitation counselor limited Plaintiff's "permanent restrictions" from her ankle impairment to no prolonged walking, standing, or climbing. Tr. 255.

Moreover, although the ALJ did not include a sit/stand option in the RFC finding, all of the jobs listed by the VE allowed such flexibility. The VE testified that "[t]hese are sit/stand option jobs. They do afford a lot of opportunity to sit to assemble new work material and that sort of thing." Tr. 83. And, later in the hearing, Dr. Whitman's recommendation was actually tracked:

> ALJ: [I]f the Claimant were further limited in that she needed the option to sit or stand in order to relieve any possible discomfort or pain, or more specifically, with regard to her ankle *she should be able to change from sitting to standing, standing to sitting as needed*. Would the jobs that you previously identified continue to apply?
>
> VE: Yes, they would, Your Honor. The light jobs are sit/stand option, the sedentary jobs do allow for some stretch breaks, standing. The surveillance system monitor job would. The dispatcher job would actually [sic] part of the duties usually does involve getting up and looking at maps, wall maps, that kind of thing and so there would be a sit/stand option there as well, even thought [sic] they are classified as sedentary.

Tr. 87 (emphasis added).

Consequently, even if the ALJ erred in excluding the sit/stand option from the RFC finding, he could still rely on the jobs provided by the VE in satisfying the step

---

⁷(...continued)
contains a selection, not chosen by the experts here, for "must periodically alternate sitting and standing to relieve pain or discomfort." See Tr. 281.

five burden, and committed no reversible error. See, e.g., Sanchez v. Barnhart, 467 F.3d 1081, 1082-83 (7th Cir. 2006) ("[I]n administrative as in judicial proceedings, errors if harmless do not require (or indeed permit) the reviewing court to upset the agency's decision."); Stout v. Commissioner, 454 F.3d 1050, 1055 (9th Cir. 2006) (applying harmless error when "the ALJ's error . . . was inconsequential to the ultimate nondisability determination"); Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) ("A decision of the ALJ will not be reversed for errors that are harmless."); Ward v. Commissioner, 211 F.3d 652, 656 (1st Cir. 2000) ("there was no harm from the ALJ's use of an erroneous ground of decision because there was an independent ground on which affirmance must be entered as a matter of law"); Senne v. Apfel, 198 F.3d 1065, 1067 (8th Cir. 1999) (the court will not set aside an administrative finding based on an arguable deficiency in opinion-writing technique when it is unlikely to have affected the outcome).

This resolution also addresses Plaintiff's secondary concern, that the surveillance monitor job listed by the VE would be precluded by its sitting requirements. Again, even if the ALJ erred in excluding the sit/stand option, such error is harmless, as the VE testified that the monitoring job allowed for stretch breaks. In addition, although Dr. Whitman advised that Plaintiff be allowed the option, he did not restrict Plaintiff's sitting ability. Accordingly, as long as Plaintiff

13

was allowed to sit or stand at will, Dr. Whitman did not indicate that she could not perform "sedentary" work.[8]

Plaintiff contends that the allowance for "stretch breaks" indicates only that "such a change of position could only occur during scheduled breaks." Pl.'s Br. at 7. Assuming that the VE's answer was not responsive to the ALJ's specific query ("change from sitting to standing, standing to sitting as needed," Tr. 87), *and* assuming the ALJ erred in excluding the sit/stand option (which the court has not found), the three other jobs listed by the VE constitute "a significant number of jobs" which Plaintiff can perform: in the state, 7,457 for file clerk; 1,689 for mail clerk; and 1,643 for taxicab starter. See Tr. 82-83.

**Conclusion and Recommendation**

For the foregoing reasons, the decision of the Commissioner is supported by substantial evidence and the correct legal principles were applied. Therefore, **IT IS RECOMMENDED** that the Commissioner's decision finding no disability be **AFFIRMED**. To this extent, Plaintiff's motion for summary judgment (pleading no. 10) seeking a reversal of the Commissioner's decision should be **DENIED**,

---

[8] Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

Section 404.1567(a).

Defendant's motion for judgment on the pleadings (pleading no. 12) should be **GRANTED**, and this action should be **DISMISSED** with prejudice.

_____
WALLACE W. DIXON
United States Magistrate Judge

August 26 , 2008